Filed 4/5/16  Eichenberger v. Ontario Dialysis Center CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ELLEVICTORIA EICHENBERGER et al., | |
| Plaintiffs and Appellants, | E063930 |
| v. | (Super.Ct.No. CIVRS1402502) |
| ONTARIO DIALYSIS CENTER, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Affirmed.

Law Office of Peter R. Nasmyth, Jr., and Peter R. Nasmyth, Jr., for Plaintiffs and Appellants.

Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz, Jack R. Reinholtz and David M. Hillings for Defendant and Respondent Ontario Dialysis Center, Inc.

Schmid & Voiles and Denise H. Greer for Defendant and Respondent Dr. Abid H. Khan.

1

Plaintiffs and appellants Ellevictoria Eichenberger, Michael James Cortes II, and Evan Christian Cortes brought suit against defendants and respondents Ontario Dialysis Center, Inc. and Dr. Abid H. Kahn, following the death of their father, decedent Michael James Cortes. The trial court sustained defendants' demurrers to plaintiffs' first amended complaint (FAC) without leave to amend, finding their claims to be barred by the one-year statute of limitations for medical malpractice actions, codified at Code of Civil Procedure[1] section 340.5. On appeal, plaintiffs contend that the two-year statute of limitations codified at section 335.1 applies, and that the action therefore is not time-barred. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

Both the initial complaint in this action and the FAC are characterized in their titles as complaints for "Wrongful Death (Medical Malpractice)" (some capitalization omitted). According to the FAC, plaintiffs are the surviving children of decedent Michael James Cortes, who died on June 22, 2012. The cause of death was an infection that began at the site of a dialysis catheter and spread to the decedent's heart and brain. Plaintiffs allege that defendants "so negligently failed to exercise the proper degree of knowledge and skill in examining, diagnosing, treating and caring for Decedent— including the failure to make a full and fair disclosure of all material facts related to Decedent's condition, specifically the fact that if the dialysis catheter was not regularly removed and replaced, Decedent could suffer severe infections." Plaintiffs further allege

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

2

that defendants cancelled scheduled appointments to replace decedent's catheter on three occasions in the months prior to decedent's fatal infection.

Plaintiffs brought suit on April 23, 2014, and the FAC was filed on February 20, 2015. On May 13, 2015, the trial court issued a minute order sustaining defendants' demurrer to the FAC without granting leave to amend, finding the FAC to be time-barred pursuant to section 340.5. Judgment was entered on May 27, 2015.

## II. DISCUSSION

Plaintiffs conceded in the trial court that the FAC is time-barred if the one-year statute of limitations described in section 340.5 applies, and have not argued otherwise on appeal. They argue only that the two-year limitations period provided by section 335.1 should be applied instead. We disagree with plaintiffs, and find the trial court properly applied the one-year limitations period of section 340.5.

Section 340.5 states in relevant part as follows: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be . . . one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury . . . ." "Health care provider" is defined to include "any person" and any "clinic, health dispensary, or health facility" licensed or certified pursuant to specified statutes. (§ 340.5, subd. (1).) "Professional negligence" is defined to mean "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death . . . ." (§ 340.5, subd. (2).)

3

The FAC on its face asserts claims based on the alleged wrongful death of plaintiffs' father. Defendants are each "health care providers" within the meaning of section 340.5; plaintiffs have not argued otherwise. The allegations of the complaint— asserting that defendants "negligently failed to exercise the proper degree of knowledge and skill in examining, diagnosing, treating and caring for Decedent"—fall squarely within the section 340.5 definition of professional negligence. It follows from these premises that the limitations period described in section 340.5 applies.

Plaintiffs' arguments in support of the contrary conclusion are largely focused on distinguishing a "survival medical malpractice action" brought on behalf of a decedent from a wrongful death action brought by survivors of a decedent in their own behalf. These arguments, and the authority cited by plaintiffs in support of that distinction (block quotes of which make up much of their briefing on appeal) are simply beside the point. Whether plaintiffs' claims are asserted on decedent's behalf, or on behalf of the survivors individually, they are based on allegations to the effect that the defendant health care providers committed professional negligence resulting in death. Either way, section 340.5 applies.

Indeed, the authority cited by plaintiffs, to the extent it is at all relevant, only supports our conclusion that the limitations period of section 340.5 applies. In *Larcher v. Wanless* (1976) 18 Cal.3d 646, the plaintiffs were, as here, survivors of a decedent who claimed medical malpractice caused the decedent's death. (*Id.* at p. 651.) The Supreme Court applied the one-year limitation period of section 340.5 to their claims. (*Larcher*, *supra*, at pp. 652-653.) The dispute in *Larcher* was only about when that one-year claim

4

period begins to run; the date of the discovery of the alleged malpractice that eventually (more than a year later) caused the decedent's death, or the date of the decedent's death. (*Id.* at p. 653.)  The Supreme Court concluded that the plaintiff's suit was timely filed, because it was brought within one year of the death of the decedent.  (*Id.* at p. 659.) *Larcher* offers no support for the plaintiffs in this action who, according to the dates alleged in their complaint and the FAC, filed their lawsuit more than a year after the death of their decedent.

## III.  DISPOSITION

The judgment is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                                                  HOLLENHORST          
                                                                      Acting P. J.
We concur:

       MCKINSTER              
                            J.

       SLOUGH                
                            J.

5